**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVE CLAVETTE, GWEN WEITHAUS and CHRIS THAMES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAINTEED CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 2:10-CV-06978 |
| MONIQUE ORIEUX, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAINTEED CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 2:11-CV-00234 |
| CHAD ESPEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAINTEED CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 2:11-CV-00269 |
| STEVEN WIEDMEYER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAINTEED CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 2:11-CV-00317 |

FILED
APR - 4 2011
MICHAEL E. KUNZ, Clerk
By ________ Dep. Clerk

**JOINT CASE MANAGEMENT CONFERENCE**
**STATEMENT AND PROPOSED ORDER**

The parties in the above-entitled actions met in accordance with Fed. R. Civ. P. 26(f) on March 30, 2011. In addition to the four cases filed in this Court, which seek the certification of a nationwide class, the parties also discussed related cases filed against CertainTeed in other federal district courts. The parties submit this Joint Case Management Conference Statement and Proposed Order with respect to the four proposed nationwide class actions filed in this District.

**DESCRIPTION OF THE CASE AND CLASS CERTIFICATION SCHEDULE**

1. These four proposed class actions all relate to fiber cement weatherboard exterior siding products containing fly ash, designed and manufactured by CertainTeed Corporation ("CertainTeed") (hereafter referred to as "Fiber Cement Siding"). The core claims in these Complaints allege that the Fiber Cement Siding is defectively designed and manufactured such that it fails prematurely, causing damage to the underlying structures and property, forcing the owner to repair or replace the Fiber Cement Siding sooner than reasonably expected, marketed and warranted. In addition, plaintiffs allege that CertainTeed failed to provide the services required under the warranties. Defendant denies these allegations.

2. Plaintiffs have defined the following Class:

> All individuals and entities that own, have owned, or acquired homes, residences, buildings, or other structures physically located in the United States, on which CertainTeed Fiber Cement Siding is or has been installed from January 1, 2002 to the present. Excluded from the Class is the Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest of Defendant, and Defendant's legal representatives, assigns and successors.

3. In accordance with the schedule proposed below, the parties agreed that Plaintiffs' Motion for Class Certification shall be filed on April 6, 2012.

**STATUS OF PLEADINGS IN THESE CASES AND RELATED CASES**

4. In accordance with the proposed schedule below, Plaintiffs in the four cases filed in this District expect to file a consolidated complaint on or before June 6, 2011.

5. The parties agreed that Defendant need not respond to the four complaints filed in this District (or to the consolidated complaint if one is filed), until July 6, 2011.

**CONSOLIDATION OF CASES**

6. The parties agreed that the following actions should be consolidated for pretrial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure: *Steve Clavette, Gwen Weithaus and Chris Thames et al.*, Civil Action No. 2:10-CV-06978; *Monique Orieux, et al., v. CertainTeed Corporation*, Civil Action No. 2:11-CV-00234; *Chad Espen, et al., v. CertainTeed Corporation*, Civil Action No. 2:11-CV-00269; and *Steven Wiedmeyer, et al., v. CertainTeed Corporation*, Civil Action No. 2:11-CV-00317. These actions and any related actions complaining about CertainTeed Fiber Cement Siding which hereafter may be filed in, or transferred to this District, are collectively referred to as the "CertainTeed Fiber Cement Siding Litigation."

7. The parties agreed that the consolidation of these cases should be without prejudice to the right of any party to apply for a severance of any claim or action.

**FILING AND DOCKETING**

8. The parties agreed that a Master Docket File Number should be established for the consolidated pretrial proceedings in these four actions and in any other cases filed in or transferred to this Court and consolidated herewith for pretrial purposes (hereinafter, "these consolidated actions"). The Master File should be called Master File No. 2:10-CV-06978 and

entries in the Master Docket should be applicable to these consolidated actions as more fully set forth below. Separate docket numbers should also be maintained for each of these consolidated actions, and entries should be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by the Court pursuant to a case management order.

9. All documents filed in these consolidated proceedings, or in any separate action included therein, shall be filed electronically through the ECF filing system and should bear the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: CertainTeed Fiber Cement Siding Litigation : | MASTER FILE NO. 10-6978 |
|---|---|
| This Document Relates to: : | |

10. When a document is intended to be applicable to all of the actions to which this Order is applicable, the words "All Actions" should appear after the words "This Document Relates To:" in the caption set forth above, and the document should be filed in the Master Docket File only.

11. When a document is intended to apply only to some, but not all actions, this Court's docket number for each individual action to which the document is intended to be applicable and the last name of the named plaintiff in said action should appear immediately after the words "This Document Relates to:" in the caption as described above, *e.g.*, "Civil Action No. 10-6978, Clavette." Such a document shall be filed both in the Master Docket File and in the file of each individual action to which the pleading is intended to be applicable.

12. If any other case related to these consolidated actions is filed in this Court or transferred here from another court, the Clerk should:

a. File a copy of this Order in the separate file for the related case;

b. Mail a copy of this Order to counsel for plaintiffs in the related case;

c. Mail a copy of this Order to counsel for each defendant in the related case not already a party to any case then included in the CertainTeed Fiber Cement Siding Litigation;

d. Make an appropriate entry in the Master Docket.

13. All proposed orders submitted to the Court should be entitled "Pretrial Order No. ____."

14. All proposed stipulations submitted to this Court should be entitled "Stipulation No. ____."

**INITIAL DISCLOSURES**

15. The parties agreed to exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a), within fifteen (15) days after the plaintiffs' consolidated complaint is filed or, if no such complaint is filed, no later than June 21, 2011. The parties acknowledge that any party may serve formal discovery after that party has served their initial disclosures.

**DISCOVERY PLAN AND PRETRIAL DISCLOSURES**

16. The parties propose the following schedule for discovery and all matters up to and including trial:

| | |
|---|---|
| June 6, 2011 | Last day for Plaintiffs to file a consolidated complaint. |
| 30 days after Plaintiffs file their consolidated complaint. | Last day for Defendant to file a response to the consolidated complaint. |

| | |
|---|---|
| 30 days after Defendant files a motion to dismiss (if one is filed). | Last day for Plaintiffs to file opposition to Defendant's motion to dismiss. |
| 30 days after Plaintiffs file their opposition to Defendant's motion to dismiss. | Last day for Defendant to file a reply brief in support of any motion to dismiss. |
| At the convenience of the Court in October, 2011. | Hearing on any motion to dismiss. |
| April 6, 2012 | Last day for Plaintiffs to file: (1) expert reports on class certification; and (2) motion for class certification. |
| June 6, 2012 | Last day for Defendant to file: (1) expert reports on class certification; and (2) opposition to motion for class certification. |
| August 6, 2012 | Last day for Plaintiffs to file: (1) rebuttal expert report relating to class certification; and (2) reply papers in support of motion for class certification. |
| At the convenience of the Court in September, 2012. | Hearing on motion for class certification. |
| 60 days after the Court's ruling on the motion for class certification. | The Parties must submit a joint case management statement and proposed schedule. |

17. Except as otherwise provided herein or by further order of the Court, the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Pennsylvania shall govern all further procedural matters in these consolidated actions.

**PRESERVATION OF EVIDENCE**

18. All parties and their counsel agreed to preserve evidence that may be relevant to these actions. The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action. In connection therewith, the parties agreed as follows:

a. "Documents, data and tangible things" is to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; E-mail; computer and network activity logs, hard drives; backup data; removable computer storage media such as tapes, disks and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, and indices, is also included in this definition.

b. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under Fed. R. Civ. P. 26 in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or international handling that would make material incomplete or inaccessible.

19. Plaintiffs shall afford Defendant the right to inspect and/or test Fiber Cement Siding from their properties during the period starting at the date this Order is entered and until the close of all fact discovery, ("Inspection Time Period") provided Defendant gives prior notice to Plaintiffs' Counsel. If Plaintiffs intend to remove any Fiber Cement Siding on their properties during the Inspection Time Period, Plaintiffs will provide Defendant with 30 days prior notice and will contemporaneously remove and preserve sample Fiber Cement Siding for inspection and/or testing by the Defendant.

## *PRO HAC VICE* ADMISSIONS OF ATTORNEYS

20. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation without the necessity of filing a motion. Association of local counsel is not required.

## TRIAL SCHEDULE

21. Should this case not be disposed of prior to trial, the parties agree that trial should commence in 2013. Based on the preliminary nature of the proceedings in this case, the parties agree that an estimate of trial length at this time would be premature.

Dated: 4/1/11

Respectfully submitted,

Arnold Levin

Arnold Levin, Esquire I.D.#02280
Charles E. Schaffer, Esquire I.D. #76259
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 - Telephone
(215) 592-4663 - Facsimile

*Proposed Plaintiffs' Liaison Counsel*

Anthony Vale, Esquire
Pepper, Hamilton, LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000 - Telephone
(215) 981-4750 - Facsimile

Robert L. Hickok, Esquire
Pepper Hamilton, LLP
3000 Two Logan Square
18th and Arch Streets
(215) 981-4000 - Telephone
(215) 981-4750 - Facsimile
Philadelphia, PA 19103

*Counsel for Defendant*

H. Laddie Montague, Jr., Esquire
Lawrence Deutsch, Esquire
Shanon J. Carson, Esquire
James Wells, Esquire
Berger &Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-4656 - Telephone
(215) 875-4604 - Facsimile

Michael McShane, Esquire
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
(415) 568-2555 - Telephone
(415) 576-1776 - Facsimile

Charles J. LaDuca , Esquire
Brendan S. Thompson, Esquire
Cuneo, Gilbert & LaDuca, LLP
507 C Street, NE
Washington, DC 20002
(202) 789-3960 - Telephone
(202) 789-1813 - Facsimile

Ellen Meriwether, Esquire
Bryan L. Clobes, Esquire
Cafferty Faucher, LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103
(215) 864-2800 - Telephone
(215) 864-2810 - Facsimile

Jennifer W. Sprengel, Esquire
Cafferty Faucher, LLP
30 North LaSalle Street, Suite 3200
Chicago, IL 60602
(312) 782-4880 - Telephone
(312) 782-4485 – Facsimile

*Proposed Plaintiffs' Lead Counsel*

Robert K. Shelquist , Esquire
Lockridge, Grindal, Nauen, PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900 - Telephone
(612) 339-0981 - Facsimile

Paul T. Falk, Esquire
Carl E. Metz, II, Esquire
Falk Metz, LLC
20 South Clark Street, Suite 1900
Chicago, IL 60603
(312) 922-5800 - Telephone
(312) 922-3990 - Facsimile

Marc I. Gross, Esquire
Pomerantz, Haudek, Block, Grossman & Gross, LLP
100 Park Avenue
New York, NY 10017
(212) 661-1100 - Telephone
(212) 661-8665 - Facsimile

Patrick V. Dahlstrom, Esquire
Pomerantz, Haudek, Block, Grossman & Gross, LLP
10 South LaSalle, Suite 3505
Chicago, IL 60603
(312) 377-1181 - Telephone
(312) 377-1184 - Facsimile

Clayton D. Halunen, Esquire
Halunen & Associates
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
(612) 605-4098 - Telephone
(612) 605-4099 - Facsimile

**[PROPOSED] CASE MANAGEMENT ORDER**

The Joint Case Management Conference Statement and Proposed Order (as modified above by the Court) is hereby adopted by the Court as Case Management Order No. 2 for the case, and the parties are ordered to comply with this Order.

Dated: 4/4/11

**The Honorable Thomas O'Neill, Jr.**