# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE CLAVETTE, GWEN WEITHAUS and CHRIS THAMES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAINTEED CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 2:10-CV-06978 |
| MONIQUE ORIEUX, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CERTAINTEED CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 2:11-CV-00234 |
| CHAD EPSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CERTAINTEED CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 2:11-CV-00269 |
| STEVEN WIEDMEYER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CERTAINTEED CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 2:11-CV-00317 |

FILED 2011

Dep. Clerk

# [PROPOSED] PRETRIAL ORDER NO. 1
# APPOINTING PLAINTIFFS' INTERIM CLASS COUNSEL

I. **APPOINTMENT AND DUTIES OF CO-LEAD COUNSEL**

   A. The Court appoints Plaintiffs' Co-lead Counsel consisting of the following:

      Michael McShane of Audet & Partners, LLP;

      H. Laddie Montague, Jr. of Berger & Montague, P.C.;

Co-lead Counsel shall be generally responsible for conducting the prosecution of the litigation on behalf of plaintiffs.

   B. In addition to the above, Co-lead Counsel shall:

      1. determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

      2. coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R.Civ.P.26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

      3. supervise the efforts of other counsel or committees of counsel, in their discretion, in a manner to ensure that pretrial preparation for the plaintiffs is conducted efficiently, effectively and in a non-duplicative manner;

      4. maintain adequate time and disbursement records for plaintiffs' counsel;

      5. monitor the activities of all plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided, including the avoidance of unnecessary or duplicative communications among plaintiffs' counsel;

6. conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent authorized;

7. enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

8. prepare and distribute periodic status reports to the parties;

9. perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court;

10. establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request; and

11. establish and maintain a document depository, including electronic depositions with remote access, if appropriate.

12. maintain and distribute an up-to-date service list to all counsel;

13. receive and, as appropriate, distribute Orders from the Court and documents from opposing parties and counsel to co-counsel; and

14. maintain and make available to co-counsel at reasonable hours a complete file of all documents served by, or upon, each party except such documents as may be available at a document depository.

C. Pursuant to Fed.R.Civ.P. 23(g), the Court appoints Co-lead Counse to act as Interim Class Counsel.

D. Defendants' counsel may rely upon all agreements and representations made with or by Co-Lead Counsel.

E. Reimbursement for costs and/or fees for services of all plaintiffs' counsel

performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

General Standards

1. All time and expenses submitted must be incurred only for work authorized by the Co-Lead Counsel.

2. These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in the above-entitled actions.

3. Time and expense submissions must be submitted on the forms prepared by Co-Lead Counsel.

4. Time and expense submissions must be submitted timely, on a monthly basis. The submissions must be submitted in electronic format and emailed directly to Plaintiffs' Lead Counsel, Michael McShane of Audet & Partners, LLP.

5. If hard copy submissions are made, an original and one duplicate copy must be provided.

6. The first submission is due on June 15, 2011 and should include all time through May 31, 2011. Thereafter, time records shall be submitted on the 15th of each month and shall cover the time period through the end of the preceding month.

Time Reporting

1. Only time spent on matters common to all claimants in the above-captioned actions will be considered in determining fees. <u>No time spent on developing or</u>

processing any case for an individual client (claimant) will be considered or should be submitted.

2. All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines. All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records, as well as insufficient description of the activity may result in a forfeiture of fees.

3. All time records shall be submitted together with a form summarizing the total of member firm time broken down by each separate name of time keeper and Litigation Task Definition, the time spent during the preceding month and the accumulated total of all time incurred by the firm during the particular reporting period.

4. The summary report form shall be certified by a partner each month attesting to the accuracy and correctness of the monthly submission.

F. Privileges Preserved. No communication among plaintiffs' counsel or among defendant's counsel shall be taken as waiver of any privilege or protection to which they would otherwise be entitled.

## II. SUBSEQUENT ACTIONS

This Order will apply to all subsequent actions related to this litigation. A copy of this Order shall be served on counsel of all subsequent related actions by Interim Class Counsel.

IT IS SO ORDERED.

DATED: 5/11 2011

_____
HONORABLE THOMAS N. O'NEILL, JR.
UNITED STATES DISTRICT COURT