# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CertainTeed Fiber Cement Siding Litigation | Master File No. 10-6978 |
| This Document Relates to All Cases | |



FILED
MAY 11 2911
_____ Dep. Clerk
By _____

## PRETRIAL ORDER NO. 3 (PROTECTIVE ORDER)

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled, the Court enters this Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure and the parties' agreement.

### 1. Discovery Materials

This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, objects or things, deposition testimony and interrogatory/request for admission responses, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, requests for production of documents, requests for admissions, interrogatories, or subpoena ("discovery materials"). This Order is limited to this Litigation or appeal of any action brought by or on behalf of plaintiffs, seeking damages related to allegedly defective CertainTeed fiber cement siding.

2. **Use of Discovery Materials**

With the exception of a document or information that has become publicly available without a breach of the terms of this Order, all documents, information or other discovery materials produced or discovered in this Litigation and that have been designated confidential shall be used by the receiving party solely for the prosecution or defense of this Litigation, to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

3. **"Confidential Discovery Materials" Defined**

For the purposes of this Order, "Confidential Discovery Materials" shall mean any information that the producing party in good faith believes is properly protected under Federal Rule of Civil Procedure 26(c) and applicable law, including the Third Circuit's decisions in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *Leucadia v. Applied Extrusion Technologies Inc.*, 998 F.2d 157 (3d Cir. 1993).

The terms of this Order shall in no way affect the right of any person: (a) to withhold information on alleged grounds of immunity from discovery such as attorney/client privilege or work product; or (b) to withhold information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. If information is redacted on the basis it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, the redacting party shall identify on a separate log the document subject to redaction and the reason for such redaction.

Where large volumes of discovery materials are provided to the requesting party's counsel for preliminary inspection and designation for production, and have not been reviewed for confidentiality purposes, the producing party reserves the right to so designate and redact appropriate discovery materials after they are designated by the requesting party for production. During the preliminary inspection process, and before production, all discovery materials reviewed by the requesting party's counsel shall be treated as Confidential Discovery Material.

4. **Designation of Documents as "Confidential"**

a. For the purposes of this Order, the term "document" means all tangible items, whether written, recorded or graphic, whether produced or created by a party or another person, whether produced pursuant to subpoena, to discovery request, by agreement, or otherwise.

b. Any document that the producing party intends to designate as Confidential shall be stamped (or otherwise have the legend recorded upon it in a way that brings the legend to the attention of a reasonable examiner) with a notation substantially similar to the following:

**CertainTeed Fiber Cement Siding Litigation: Confidential-
Subject to Protective Order**

Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying. The stamp shall be affixed in such a manner as not to obliterate or obscure any written material. If a party is unable to affix a confidential stamp directly on a document, the party may designate the material as confidential by way of a cover letter preceding the production of the document in question. A confidential designation affixed to a disc will also suffice to designate the materials therein as confidential.

c. A party may preliminarily designate as "Confidential" all documents being readied for production by a vendor employed for the purposes of document management, quality control, production, reproduction, storage, scanning, or other such purpose related to discovery, by notifying counsel for the other party that all documents being produced are to be accorded such protection. Once said documents are produced by such vendor, the designating party will then review the documents and, as appropriate, designate them as "Confidential" by stamping the document (or otherwise having the legend recorded upon it in a way that brings its attention to a reasonable examiner) as such.

5. **Non-Disclosure of Confidential Discovery Materials**

Except with the prior written consent of the party or other person originally producing Confidential Discovery Materials, or as hereinafter provided under this Order, no Confidential Discovery Materials, or any portion thereof, may be disclosed to any person, including any plaintiff, except as set forth in section 6 below.

6. **Permissible Disclosures of Confidential Discovery Material**

Notwithstanding paragraph 5, Confidential Discovery Materials may be disclosed to and used only by:

a. The named Plaintiffs and counsel of record for the parties in this Litigation and to his/her partners, associates, paralegals, secretaries, legal assistants, and employees to the extent considered reasonably necessary to render professional services in the Litigation;

b. inside counsel of the parties and their paralegals and staff, to the extent reasonably necessary to render professional services in the Litigation;

      c.    court officials involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court, or any mediator agreed upon by the parties);

      d.    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

      e.    persons noticed for depositions or designated as trial witnesses, or those who counsel of record in good faith expect to testify at deposition or trial, to the extent reasonably necessary in preparing to testify;

      f.    outside consultants or outside experts retained for the purpose of assisting counsel in the Litigation;

      g.    employees of counsel involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designating programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

      h.    employees of third-party contractors performing one or more of the functions set forth in (g) above;

      i.    any employee of a party or former employee of a party, but only to the extent considered necessary for the preparation and trial of this action; and

      j.    any other person, but only if consented to by the producing party.

The named Plaintiffs, along with any other individual to whom disclosure is to be made under subparagraphs (d) through (j) above, shall sign, prior to such disclosure, a copy of the Endorsement of Protective Order, attached as Exhibit A. Counsel providing access to Confidential Discovery Materials shall retain copies of the executed Endorsement(s) of

Protective Order. Any party seeking an executed copy of an endorsement may make a demand to the party in control of the endorsement, and that party shall produce the endorsement unless the party serves an objection stating the grounds. If the dispute cannot be resolved, the demanding party may move the Court for an order compelling production upon a showing of good cause. For testifying experts, a copy of the Endorsement of Protective Order executed by the testifying expert shall be furnished to counsel for the party who produced the Confidential Discovery Materials to which the expert has access, at the time the expert's designation is served, or at the time the Confidential Discovery Materials are provided to the testifying expert, whichever is later.

### 7. Production of Confidential Materials by Non-Parties

Any non-party who is producing discovery materials in the Litigation may agree to and obtain the benefits of the terms and protections of this Order by designating as "Confidential" the discovery materials that the non-party is producing, as set forth in paragraph 4.

### 8. Inadvertent Disclosures

a. Any inadvertent production of privileged materials shall be handled in accordance with Rule 26(b)(5)(B) and Fed. R. Evid. 502. Recognizing that this litigation may require production of a large volume of hard-copy and electronically-stored material, and that review for privilege is time-consuming and expensive, the Court orders pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(f)(3), that no privilege or protection is waived by disclosure in connection with this Litigation.

b. The parties further agree that in the event that the producing party or other person inadvertently fails to designate discovery materials as Confidential, it may make

such a designation subsequently by notifying all persons and parties to whom such discovery materials were produced, in writing, as soon as practicable. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated discovery materials as Confidential, subject to their right to dispute such designation in accordance with paragraph 9.

### 9.     **Declassification**

a.     Nothing shall prevent disclosure beyond that limited by this Order if the producing party consents in writing to such disclosure.

b.     If at any time a party (or aggrieved entity permitted by the Court to intervene for such purpose) wishes for any reason to dispute a designation of discovery materials as Confidential made hereunder, such person shall notify the designating party of such dispute in writing, specifying by exact Bates number(s) of the discovery materials in dispute. The designating party shall respond in writing within 7 days of receiving this notification. The time for response shall be extended upon a good faith request by the designating party.

c.     If the parties are unable to amicably resolve the dispute, the party opposing the Confidential designation may apply by motion to the Court for a ruling that discovery materials stamped as Confidential are not entitled to such status and protection under Rule 26 of the Federal Rules of Civil Procedure and this Order. The designating party shall have the burden of proof on such motion to establish the propriety of its Confidential designation.

d.     If the time for filing a motion, as provided in paragraph 9.c, has expired without the filing of any such motion, or ten (10) business days (or such longer time as ordered by this Court) have elapsed after the appeal period for an order of this Court that the

-8-

discovery material shall not be entitled to Confidential status, the Confidential Discovery Material shall lose its designation.

### 10. Confidential Discovery Materials in Depositions

a. Counsel for any party may show Confidential Discovery Materials to a deponent during deposition. While a deponent is being examined about any Confidential Discovery Materials or the Confidential information contained therein, persons to whom disclosure is not authorized under this Order shall be excluded from the deposition.

b. Parties (and deponents) may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as Confidential. Until expiration of such thirty (30) day period, the entire transcript, including exhibits, will be treated as subject to Confidential protection under this Order. If no party or deponent timely designates a transcript as Confidential, then none of the transcript or its exhibits will be treated as confidential.

### 11. Confidential Discovery Materials Offered as Evidence at Trial

Confidential Discovery Materials and the information therein may be offered in evidence at trial or any court hearing. To the extent that the Confidential Discovery Materials have not been previously identified as exhibits for the trial or court hearing, the proponent of the evidence shall give at least twenty-four hours notice to counsel for the party or other person that designated the discovery materials or information as Confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such discovery materials or information at trial.

12. **Filing**

Confidential Discovery Materials shall not be filed with the Clerk except when required in connection with matters pending before the Court. If filed, they shall be filed in a sealed envelope, clearly marked:

> "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT"

and shall remain sealed while in the office of the Clerk so long as they retain their status as Confidential Discovery Materials. Said Confidential Discovery Materials shall be kept under seal until further order of the Court; however, said Confidential Discovery Materials and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

13. **Client Consultation**

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Litigation and, in the course thereof, relying generally on examination of Confidential Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 6.

14. **Subpoena by other Courts or Agencies**

If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials which a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify

the designating party in writing of all of the following: (1) the discovery materials that are requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall confidential documents be produced prior to the receipt of written notice by the designating party and a reasonable opportunity to object. Furthermore, the person receiving the subpoena or other process shall cooperate with the producing party in any proceeding related thereto.

15. **Non-termination**

The provisions of this Order shall not terminate at the conclusion of this Litigation. Within ninety (90) days after final conclusion of all aspects of this Litigation, counsel shall return or destroy, as requested by the producing party, Confidential Discovery Materials and all copies of same. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the discovery materials not more than one hundred twenty (120) days after final termination of this Litigation. Outside counsel, however, shall not be required to return or destroy any pretrial or trial records, including, without limitation, attorney work product, as are regularly maintained by that counsel in the ordinary course of business; which records will continue to be maintained as confidential in conformity with this Order.

16. **Modification Permitted**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

17. **Responsibility of Attorneys; Copies**

The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of Confidential Discovery Materials, including abstracts and summaries thereof, and shall only make copies of Confidential Discovery Materials as reasonably necessary for this litigation.

18. **No Waiver of Rights or Implication of Discoverability**

a.  No disclosure pursuant to any provision of this Order shall waive any rights or privileges of any party granted by this Order.

b.  This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation; nor shall this order imply that Confidential Discovery Materials are properly discoverable, relevant, or admissible in this or any other litigation. Each party reserves the right to object to any disclosure of information or production of any documents that the producing party designates as Confidential Discovery Materials on any other grounds it may deem appropriate.

c.  The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection. Nothing in this Order shall prevent any party from seeking an appropriate protective order to further govern the use of Confidential Discovery Materials at trial.

### 19. <u>Improper Disclosure of Confidential Discovery Material</u>

Disclosure of discovery materials designated Confidential other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

SO ORDERED

_____
Hon. Thomas N. O'Neill
United States District Judge

Dated: May , 11 , 2011
Philadelphia, PA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CertainTeed Fiber Cement Siding Litigation | Master File No. 10-6978 |
| This Document Relates to All Cases | |

## ENDORSEMENT OF PROTECTIVE ORDER

I hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Protective Order ("Order") dated _____, 2011, in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential pursuant to the Order.

I further agree that I shall not disclose to others, except in accord with the Order, any Confidential Discovery Materials, in any form whatsoever, and that such Confidential Discovery Materials and the information contained therein may be used only for the purposes authorized by the Order.

I further agree to return or destroy all copies of any Confidential Discovery Materials I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material will continue even after this Litigation concludes.

-2-

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United Stated District Court, Eastern District of Pennsylvania for the purposes of any proceedings relating to enforcement of the Order.

I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____

Printed Name                                    Signature

-2-