## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: CertainTeed Fiber Cement Siding
Litigation

This Document Relates to All Cases

Master File No. 10-6978

## ANSWER AND AFFIRMATIVE DEFENSES OF CERTAINTEED CORPORATION TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

Defendant CertainTeed Corporation ("CertainTeed"), answers the Consolidated

Amended Complaint of Steve Clavette, Chad Epsen, Monique Orieux, Chris Thames, Gwen

Weithaus, and Steve Weidmeyer on behalf of themselves and all others similarly situated

("Plaintiffs"), as follows:

## NATURE OF THE ACTION

1.     Admitted in part and denied in part.  CertainTeed admits that this action is

a purported consumer class action brought on behalf of all persons and entities who own, or

have owned homes or other structures physically located in the United States on which

CertainTeed Weatherboards Fiber Cement exterior siding products ("Siding") were installed.

CertainTeed denies that this action is properly brought as a class action, or that it would be

appropriate for this action to be certified as a class action.

2.     Denied.  CertainTeed denies that it manufactured defective Siding.

CertainTeed is without knowledge or belief as to any alleged damage sustained to the property

of Plaintiffs, and therefore, those allegations and any remaining allegations are denied.

3.     Admitted in part and denied in part. Admitted that CertainTeed sells and distributes the Siding throughout the United States for installation on homes, commercial buildings and other structures. Admitted that CertainTeed provides a limited warranty for its fiber cement siding. That limited warranty is a writing that speaks for itself. To the extent any allegations are inconsistent with that writing, they are denied. CertainTeed is without knowledge or belief as to the remaining allegations in this paragraph, and therefore denies those allegations.

4.     Denied. CertainTeed denies that the Siding is defectively designed and manufactured. CertainTeed is without knowledge or belief as to the truth of the remaining allegations in Paragraph 4, and therefore, those allegations are denied.

5.     Admitted in part and denied in part. Admitted that Plaintiffs seek damages and injunctive relief on behalf of a purported class. CertainTeed denies that this action is properly brought as a class action or that certification is appropriate. CertainTeed further denies that its Siding failed to perform as warranted.

## PARTIES

*Plaintiffs*

A.     **Steve Clavette**

6.     Denied. CertainTeed is without knowledge or belief as to the truth of the allegations in Paragraph 6, and therefore, those allegations are denied.

7.     Denied. CertainTeed is without knowledge or belief as to the truth of the allegations in Paragraph 7, and therefore, those allegations are denied.

8.     Denied. CertainTeed is without knowledge or belief as to the truth of the allegations in Paragraph 8 and, therefore, CertainTeed denies these allegations.

B.    **Chad Epsen**

      9.    Upon information and belief, admitted.

      10.    Admitted in part and denied in part. Admitted only that Siding was installed on Chad Epsen's home. CertainTeed is without knowledge or belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, CertainTeed denies these allegations.

      11.    Denied. CertainTeed is without knowledge or belief as to the truth of the allegations in Paragraph 11, and therefore, those allegations are denied.

      12.    Denied. CertainTeed is without knowledge or belief as to the truth of the allegations in Paragraph 12 and, therefore, CertainTeed denies these allegations.

      13.    Admitted in part and denied in part. Admitted that Mr. Epsen submitted a warranty claim to CertainTeed and that CertainTeed sent an inspector to his home. Admitted that CertainTeed offered Mr. Epsen replacement Siding. The remaining allegations in this paragraph refer to writings, which speak for themselves. To the extent that any allegations are inconsistent with those writings, they are denied.

      14.    Admitted in part and denied in part. The allegations in Paragraph 14 refer to a writing which speaks for itself. To the extent that the allegations in Paragraph 14 are inconsistent with that writing, they are denied. CertainTeed further denies that the Siding was defective or damaged.

C.  **Monique Orieux**

      15.    Upon information and belief, admitted.

      16.    Admitted in part and denied in part. Admitted only that the Siding was installed on Ms. Orieux's property. As to the remaining allegations in paragraph 16,

CertainTeed is without knowledge or belief as to their truth, and therefore, those allegations are denied.

17. Denied. CertainTeed is without knowledge or belief as to the truth of the allegations in Paragraph 17, and therefore, those allegations are denied.

18. Admitted in part and denied in part. Admitted that Ms. Orieux submitted a warranty claim to CertainTeed and that CertainTeed performed an inspection of Ms. Orieux's Siding. The remaining allegations refer to writings that speak for themselves. To the extent the allegations are inconsistent with these writings, they are denied. CertainTeed is also without knowledge or belief as to the truth of the remaining allegations in Paragraph 18, and therefore, those allegations are denied.

19. Denied.

D. **Gwen Weithaus and Chris Thames**

20. Admitted in part and denied in part. Upon information and belief, admitted that these plaintiffs are citizens of Menomee Falls, Wisconsin and purchased a home built with CertainTeed Siding. CertainTeed specifically denies that the Siding is defective. As to the remaining allegations in this paragraph, CertainTeed is without knowledge or belief of their truth, and therefore denies those allegations.

21. Admitted in part and denied in part. Admitted that these plaintiffs submitted a warranty claim to CertainTeed. The remaining allegations in Paragraph 21 refer to writings that speaks for themselves. To the extent that the allegations in Paragraph 21 are inconsistent with such writings, they are denied.

E. **Steven Wiedmeyer**

22.     Denied. CertainTeed is without knowledge or belief as to the truth of these allegations, and therefore, denies these allegations.

23.     Denied. CertainTeed is without knowledge or belief as to the truth of the allegations in Paragraph 23, and therefore CertainTeed denies these allegations.

24.     Denied. CertainTeed is without knowledge or belief as to the truth of the allegations in Paragraph 24, and therefore CertainTeed denies these allegations.

*Defendant*

25.     Admitted in part and denied in part. Admitted only that CertainTeed's principal place of business is located in Valley Forge and that it manufactures building materials. It is denied that CertainTeed is a Pennsylvania corporation. The remaining allegations are denied.

## JURISDICTION AND VENUE

26.     Admitted in part and denied in part. The allegations in paragraph 26 contain conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies that it is headquartered in Montgomery County, Pennsylvania. To the contrary, its headquarters are located in Chester County, Pennsylvania. The remaining allegations of fact are admitted.

27.     Admitted in part and denied in part. The allegations in paragraph 27 contain conclusions of law to which no response is required. To the extent that a response is required, and to the extent that Paragraph 27 contains any factual allegations, admitted that CertainTeed is a citizen of Pennsylvania. CertainTeed admits that Plaintiffs aver that the amount in controversy exceeds five million dollars as required under 28 U.S.C. § 1332(d), but CertainTeed denies that it is liable for that amount or otherwise. CertainTeed further denies that

this action is properly brought as a class action, or that it would be appropriate for certification. CertainTeed is without knowledge or belief as to the truth of the remaining allegations of fact in Paragraph 27 and, therefore, CertainTeed denies these allegations.

28.     Admitted in part and denied in part. The allegations contained in paragraph 28 constitute conclusions of law to which no response is required. To the extent that a response is required, and to the extent that Paragraph 28 contains any factual allegations, it is admitted that venue is proper in this District under 28 U.S.C. § 1391 as CertainTeed's principal place of business is located in Valley Forge, Pennsylvania.

## SUBSTANTIVE ALLEGATIONS

29.     Admitted.

30.     Admitted in part and denied in part. The allegations in this paragraph refer to a writing, which speaks for itself and CertainTeed refers to said writing for its terms. To the extent any allegations contained in this paragraph are inconsistent with that writing, the allegations are denied.

31.     Admitted in part and denied in part. The allegations in this paragraph refer to a writing, which speaks for itself and CertainTeed refers to said writing for its terms. To the extent any allegations contained in this paragraph are inconsistent with that writing, the allegations are denied.

32.     Admitted in part and denied in part. The allegations in this paragraph refer to a writing, which speaks for itself and CertainTeed refers to said writing for its terms. To the extent any allegations contained in this paragraph are inconsistent with that writing, the allegations are denied. CertainTeed is without information or belief as to the truth of the remaining allegations in this paragraph, and thus these allegations are denied.

33.     Admitted in part and denied in part. The allegations in this paragraph refer to a writing, which speaks for itself and CertainTeed refers to said writing for its terms. To the extent any allegations contained in this paragraph are inconsistent with that writing, the allegations are denied.

34.     Admitted in part and denied in part. The allegations in this paragraph refer to a writing, which speaks for itself and CertainTeed refers to said writing for its terms. To the extent any allegations contained in this paragraph are inconsistent with that writing, the allegations are denied.

35.     Denied. By way of further response, Certainteed denies that its Siding has not lived up to its representations and warranties.

36.     Denied. CertainTeed denies that its Siding has water-absorption and porosity problems.

37.     Denied. CertainTeed denies that the Siding experiences defects. As to the remaining allegations, CertainTeed is without knowledge and belief as to their, and thus these allegations are denied.

38.     Admitted in part and denied in part. The allegations in this paragraph and subparagraphs refer to writings, which speak for themselves. To the extent any allegations contained in this paragraph are inconsistent with those writings, the allegations are denied.

39.     Denied. CertainTeed denies that this action is properly brought as a class action and that it would be appropriate for certification. CertainTeed further denies that its Siding is defective.

40.     Denied. CertainTeed is without information or belief as to the truth of the allegations in paragraph 40, and thus these allegations are denied.

41.     Admitted in part and denied in part. Admitted only that CertainTeed has modified the composition of its Siding during the proposed class period. The remaining allegations are denied.

42.     Admitted in part and denied in part. Admitted only that CertainTeed has received warranty claims related to its Siding. The remaining allegations are denied.

43.     Denied. CertainTeed fully complies with the terms of the limited warranties applicable to its Siding.

44.     Denied. The allegations contained in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies that its Siding is defective. Further, CertainTeed fully complies with the terms of the limited warranties applicable to its Siding.

45.     Denied. CertainTeed denies that its Siding is defectively designed and failed prematurely. It is further denied that CertainTeed sold Siding to Plaintiffs or putative class members. CertainTeed markets and sells its Siding to distributors rather than individual consumers. Any remaining allegations in this paragraph are denied.

46.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, Certainteed denies that its Siding failed prematurely. CertainTeed is without knowledge or belief as to the truth of the remaining allegations and thus these allegations are denied.

47.     Denied. CertainTeed denies that its Siding is defective. CertainTeed is without knowledge or belief as to the truth of the remaining allegations in this paragraph, and thus, those allegations are denied.

-8-

48.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, CertainTeed denies that it committed affirmative acts of concealment or affirmative misrepresentations. CertainTeed further denies that its Siding is defective.

49.     Denied. CertainTeed fully complies with the terms of the limited warranties applicable to its Siding.

50.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, CertainTeed denies that it committed affirmative acts of concealment or affirmative misrepresentations. CertainTeed further denies that its Siding is defective.

51.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, CertainTeed denies that its Siding is defective and subject to problems. Accordingly, CertainTeed denies that it had any duty to Plaintiffs or the alleged classes.

## CLASS ALLEGATIONS

52.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, it is denied that under the Federal Rules of Civil Procedure and prevailing case law that this action is properly brought as a national class action, or that it would be appropriate for this action to be certified as a national class action. Further, CertainTeed denies that the putative national class is properly defined.

53.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, it is denied that under the Federal Rules of Civil Procedure and prevailing case law that this action is properly brought as

statewide subclasses.  Further, CertainTeed denies that the statewide subclasses are properly
defined.

54.     Denied.  The allegations in this paragraph constitute a conclusion of law to
which no response is required.

55.     Denied.  The allegations in this paragraph constitute conclusions of law to
which no response is required.  To the extent a response is required, it is denied that under the
Federal Rules of Civil Procedure and prevailing case law that this action is properly brought as a
national class action, or that it would be appropriate for this action to be certified as a national
class action.  Further, CertainTeed denies that the putative national class is properly defined.
CertainTeed markets and sells its Siding to distributors rather than individual consumers, and is
without knowledge of the number of owners of buildings on which its Siding has been installed.
Any remaining allegations in this paragraph are denied.

56.     Denied.  The allegations in this paragraph constitute conclusions of law to
which no response is required.  To the extent a response is required, CertainTeed denies that
there are common questions of law and fact that make this action maintainable as a class action
or that any such common questions of law or fact predominate over questions that affect
individual putative class members.

57.     Denied.  The allegations in this paragraph constitute conclusions of law to
which no response is required.  To the extent a response is required, CertainTeed denies that its
conduct forms the basis of any putative class member's claim.  CertainTeed further denies that
its Siding is defective or failed prematurely.  Any remaining allegations in this paragraph are
denied.

58.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, CertainTeed is without knowledge or belief as to the truth of these allegations, and thus these allegations are denied.

59.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, CertainTeed denies that the putative class members have suffered or will suffer harm and damages from any of CertainTeed's conduct.  CertainTeed denies that this action is properly brought as a class action that it would be appropriate for certification, or that a class action would be superior to the individual resolution of the specific claims of any individual building owners who are disappointed with the performance or condition of their Siding.  To the extent that any plaintiffs or putative class members have claims against CertainTeed, CertainTeed provides purchasers of its Siding with full and complete relief under the terms and conditions of the applicable limited warranties.  All remaining allegations in this paragraph are denied.

### Causes of Action

### Count 1

### Breach of Warranty-Express Warranty

60.     CertainTeed hereby incorporates by reference, as though fully set forth herein, its responses to the paragraphs above.

61.     Admitted in part and denied in part.  It is admitted that CertainTeed manufactures and sells its Siding.  To the extent that Plaintiffs assert claims about siding not manufactured by CertainTeed, CertainTeed denies the allegations in this paragraph.

62.     Admitted in part and denied in part.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph refer to a writing, which speaks for itself and

CertainTeed refers to said writing for its terms.  To the extent any allegations contained in this paragraph are inconsistent with that writing, the allegations are denied.

63.     Admitted in part and denied in part.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph refer to a writing, which speaks for itself and CertainTeed refers to said writing for its terms.  To the extent any allegations contained in this paragraph are inconsistent with that writing, the allegations are denied.  As to the remaining allegations, CertainTeed is without knowledge or belief as to their truth, and thus, said allegations are denied.

64.     Admitted in part, denied in part.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph refer to a writing, which speaks for itself and CertainTeed refers to said writing for its terms.  To the extent any allegations contained in this paragraph are inconsistent with that writing, the allegations are denied.  CertainTeed further denies that its Siding is defective.

65.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent that a response is required, CertainTeed denies that its Siding was not fit for intended use or was defective.

66.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  By way of further answer, CertainTeed denies that its Siding was defective.  CertainTeed is without knowledge or belief as to the truth of the remaining allegations in this paragraph and therefore, it denies these allegations.

67.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed provides purchasers of its Siding with full and complete relief under the terms and conditions of the applicable limited warranties. All remaining allegations in this paragraph are denied.

68.     Denied. While it is admitted that Plaintiffs seek the relief described in this paragraph, CertainTeed denies that any such remedies are properly recoverable by or on behalf of any plaintiff or class member. CertainTeed further denies that its Siding is defective. As to the remaining allegations in this paragraph, CertainTeed is without knowledge or belief as to their truth and therefore, it denies these allegations.

## COUNT II

### Breach of Contract-Implied Warranty

69.     CertainTeed hereby incorporates by reference, as though fully set forth herein, its responses to the paragraphs above.

70.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. By way of further answer, CertainTeed markets and sells its Siding to distributors, rather than homeowners, and as such, it did not make any representations, implicitly or otherwise, to Plaintiffs or members of the putative class.

71.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. By way of further response, CertainTeed manufactured Siding that was fit for its intended use and of merchantable quality.

72. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations.

73. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. By way of further response, CertainTeed denies that Plaintiffs and the putative class have suffered or will suffer losses by any wrongful conduct of CertainTeed.

### Count III

### Negligence

74. CertainTeed hereby incorporates by reference, as though fully set forth herein, its responses to the paragraphs above.

75. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations in that its obligations, if any, to the Plaintiffs and the putative class are only those set forth in the applicable limited warranties.

76. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations in that its obligations, if any, to the Plaintiffs and the putative class are only those set forth in the applicable limited warranties. In addition, CertainTeed denies that its Siding is defective or will fail prematurely. Accordingly, CertainTeed denies that it engaged in any wrongful conduct and that there is any need to remove its Siding from the marketplace or that any other remedial action is necessary.

77. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies that

-14-

it knew or should have known that its Siding was defective, would fail prematurely, was not

suitable for use as an exterior housing material, and otherwise was not as it had represented it to

be to Plaintiffs and the putative class members.  It is further denied that the Siding was

defective.

       78.    Denied.  The allegations in this paragraph constitute conclusions of law to

which no response is required.  To the extent that a response is required, CertainTeed is without

knowledge or belief as to their truth and therefore, it denies these allegations.

       79.    Denied.  The allegations in this paragraph constitute conclusions of law to

which no response is required.  To the extent that a response is required, CertainTeed denies

these allegations.  CertainTeed denies that its Siding is defective and not suitable for its intended

purpose.  CertainTeed also denies that Plaintiffs and the members of the putative class have

suffered any damages or are entitled to relief as a result of its conduct.

**Count IV**

**Violations of Unfair Trade Practices and Consumer Protection Laws**

       80.    CertainTeed hereby incorporates by reference, as though fully set forth

herein, its responses to the paragraphs above.

       81.    Admitted in part and denied in part.  It is admitted that CertainTeed

manufactures, markets and sells the Siding.  To the extent that Plaintiffs allege that Siding is

subject to this action that CertainTeed did not manufacture, market, sell or distribute,

CertainTeed denies the allegations in this paragraph.

       82.    Denied.  The allegations in this paragraph constitute conclusions of law to

which no response is required.  To the extent that a response is required, CertainTeed denies

these allegations.  It is further denied that Pennsylvania law applies to all putative class

members.  Any remaining allegations are denied.

-15-

83.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed's limited warranties are expressed in documents that speak for themselves. To the extent that the allegations in this paragraph are inconsistent with or not in accordance with those warranties, the allegations are denied. It is further denied that CertainTeed directs its Siding warranty works from its Blue Bell, Pennsylvania offices.

84.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed is without knowledge or belief as to the truth of these allegations, and thus they are denied.

85.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. By way of further response, CertainTeed avers as follows:

a.      CertainTeed denies that it misrepresented or concealed material facts about the quality, uses, characteristics and benefits of its Siding.

b.      CertainTeed denies that it concealed material facts about the quality of its Siding.

c.      CertainTeed denies that it failed to comply with its applicable written limited warranties. CertainTeed fully complies with its obligations under the terms and conditions of its applicable limited warranties.

d.      CertainTeed denies that it deceptively created the likelihood of confusion or misunderstanding about the quality of the CertainTeed Siding and its intention to honor its applicable limited warranties with respect to the Siding.

86.     Denied. CertainTeed denies that it knew or should have known that its Siding was defective, would fail prematurely, and was not suitable for use as an exterior siding product and otherwise was not as warranted and represented by CertainTeed. By way of further response, CertainTeed avers that its Siding was suitable for use as an exterior siding product as warranted and represented by the Company.

87.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations and specifically denies that it committed any act of misrepresentation, concealment, omission or deception. By way of further response, CertainTeed avers that it fully complies with its obligations under the terms and conditions of the applicable limited warranties. Any allegation to the contrary is denied. CertainTeed is without knowledge or belief as to the truth of the remaining allegations in this paragraph, and thus these allegations are denied.

88.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies that its Siding was defective.

89.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, these allegations are denied.

90.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies that it concealed or failed to disclose any facts. It is further denied that the Siding is defective. As to the remaining allegations, CertainTeed is without knowledge or belief as to their truth, and as such, they are denied.

91.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations.

92.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. CertainTeed denies that it violated any state's Unfair Trade Practices and Consumer Protection laws and that putative members of the class were damaged by the result of any conduct of CertainTeed. It is further denied that the Siding is defective.

93.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. CertainTeed denies that it violated any state's Unfair Trade Practices and Consumer Protection laws and that putative members of the class were damaged by the result of any conduct of CertainTeed.

## Count V

## Unjust Enrichment

94.     CertainTeed hereby incorporates by reference, as though fully set forth herein, its responses to the paragraphs above.

95.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. To the extent that CertainTeed has received payments in connection with the sale of its Siding, the purchase price was fair and just compensation for the product sold and warranted. It is further denied that CertainTeed has received payments from Plaintiffs or members of the putative class. CertainTeed markets and sells its Siding to distributors rather than individual consumers. Any remaining allegations in this paragraph are denied.

-18-

96.   Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. To the extent that CertainTeed has received payments in connection with the sale of its Siding, the purchase price was fair and just compensation for the product sold and warranted. It is further denied that CertainTeed has received payments from Plaintiffs or members of the putative class. CertainTeed markets and sells its Siding to distributors rather than individual consumers. Any remaining allegations in this paragraph are denied.

97.   Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. To the extent that CertainTeed has received payments in connection with the sale of its Siding, the purchase price was fair and just compensation for the product sold and warranted. It is further denied that CertainTeed has received payments from Plaintiffs or members of the putative class. CertainTeed markets and sells its Siding to distributors rather than individual consumers. Any remaining allegations in this paragraph are denied.

98.   Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. CertainTeed denies that Plaintiffs or putative class members are entitled to any recovery from CertainTeed.

99.   Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. CertainTeed denies that plaintiffs or putative class members are entitled to any recovery from CertainTeed. CertainTeed further denies that it engaged in wrongful conduct or has been unjustly enriched.

## Count VI

### Declaratory and Injunctive Relief

100.    CertainTeed hereby incorporates by reference, as though fully set forth herein, its responses to the paragraphs above.

101.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, CertainTeed denies these allegations. By way of further response, CertainTeed avers as follows:

a.      CertainTeed denies that its Siding has defects which cause it to fail and leak, resulting in water damage to property and the necessity of the removal and replacement of the Siding.

b.      CertainTeed denies that its Siding has a defect in workmanship and materials that causes failures.

c.      CertainTeed denies that it knew of defects in its Siding and that the limitations in its warranties are unenforceable.

d.      CertainTeed denies that Plaintiffs or putative class members are entitled to such relief.

e.      CertainTeed denies that Plaintiffs or putative class members are entitled to such relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims alleged are barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims alleged are barred in whole or in part by the economic loss doctrine.

### THIRD AFFIRMATIVE DEFENSE

The claims alleged are barred, in whole or in part, by estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that any member of the putative class previously settled his or her claim with defendant in this or previous litigation, or received any payments from defendant, his or her claims in this lawsuit are barred in whole or in part by reason of release.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that any member of the putative class previously settled his or her claim, or received any payments from defendant, his or her alleged damages, if any, are subject to the doctrine of set-off, and the jury should be advised of any plaintiff's agreement reflecting such payment by defendant and the monetary amount involved, to avoid a "double recovery" by any plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs or putative class members suffered any damage or losses, such damage or losses was caused in whole or in part by their own acts, omissions or conduct or that of persons not under CertainTeed's control.

### SEVENTH AFFIRMATIVE DEFENSE

The claims alleged do not exhibit the common questions and typicality with any claims of the members of the putative class which is required for class certification under the Federal Rules of Civil Procedure.

### EIGHTH AFFIRMATIVE DEFENSE

The claims alleged are barred, in whole or in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The claims alleged are barred, in whole or in part, by the applicable statute of repose.

## TENTH AFFIRMATIVE DEFENSE

The claims alleged are limited or excluded by the terms and conditions of CertainTeed's limited warranties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members have failed to mitigate all or some of their alleged damage.

## TWELFTH AFFIRMATIVE DEFENSE

Attorneys' fees are not recoverable in connection with any of the common law claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs or putative class members have failed to provide notice to CertainTeed of their warranty claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs or putative class members have failed to provide CertainTeed an opportunity to cure the alleged warranty claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims alleged are barred by the doctrines of set-off and/or recoupment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members are not entitled to the relief they seek because they are not entitled to any equitable relief.

CertainTeed reserves the right to add one or more of the affirmative defenses listed in Federal Rule of Civil Procedure 8(c) and 12(b) if facts are discovered to support an additional affirmative defense.

## PRAYER FOR RELIEF

WHEREFORE, CertainTeed denies that the Plaintiffs or others similarly situated are entitled to any of the relief requested for each of the Causes of Action of the Complaint, and requests that this Court dismiss Plaintiffs' action with prejudice and award the Defendant its costs, attorneys' fees and such other relief as the Court deems just and proper.

Respectfully submitted

s/ Anthony Vale
Anthony C.H. Vale (PA ID No. 28139)
Robert L. Hickok (PA ID No. 30101)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Attorneys for Defendant.

Attorneys for Defendant CertainTeed
Corporation

Dated:  July 28, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2011, a true and correct copy of

the foregoing Answer was electronically filed and served on all counsel of record who are

deemed to have consented to electronic service.

s/ Anthony Vale
Anthony Vale
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19107
(215) 981-4000